

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Dallas District Attorney
601 Elm Street
Dallas, Texas    75202

Opinion No. MW-574

Re:    Procedure   for   testing
microfilms  of  records  filed
with    county    clerks,    and
related matters

Dear Mr. Wade:

You have asked several questions about the construction to be given article 1941(a), V.T.C.S., following its amendment in 1979. First, you ask if a county clerk can make microfilm records under section 6, subsections (a), (b) and (c) of the statute without necessarily reproducing from the microfilm (and maintaining for public use) a set of paper records.

Before 1979, the law imposed a special duty upon county clerks who microfilmed original records that were not to be retained in the clerk's files. Clerks were under a duty to test the accuracy and clarity of the microfilm image by reproducing from the microfilm a paper copy of the record filmed. After the reproduced microfilmed version of an original document had been inspected and checked <u>in that manner</u> and found satisfactory, the law made it the duty of the clerk to return the original to the party who filed it. The statute then (as now) specified that records transferred to the state librarian pursuant to state law "need not be reproduced." <u>See</u> Acts 1977, 65th Leg., ch. 463, §9, at 1201.

In 1979, pertinent parts of the statute were amended so that it now reads:

Sec.  6.  (a)  Each  county  clerk  and  county recorder and clerk of county courts, whenever the original paper record is not retained in the files of the county clerk, <u>shall inspect and check each filmed image on each roll of microfilm, or each filmed  image  of  the  discrete  group  of  filmed images against the original instrument of writing, legal  document,  paper  or  record  for  accuracy  and clarity</u>.  A  county  clerk  <u>may</u>  reproduce  from microfilm onto paper records each filmed image on

each roll of microfilm, or each filmed image of the discrete group of filmed images, for the purpose of inspecting and checking each filmed image for accuracy and clarity. Should a microfilm image be defective in any respect, the original instrument of writing, legal document, paper or record, from which said defective filmed image was made, shall be remicrofilmed on a subsequent roll of microfilm, or on a subsequent discrete image or images of a subsequent discrete group of individual images, to obtain acceptable images on microfilm. A record need not be reproduced if it is transferred to the custody of the state librarian pursuant to state law.

(b) Notwithstanding anything to the contrary provided by any other statute or statutes, when an instrument of writing, legal document, paper, or record has been microfilmed and said microfilm has been proven satisfactory by inspecting and checking as provided herein, said clerk is hereby authorized to, and shall, return each such instrument of writing, legal document, paper or record, excepting those involved in or relating to court matters and proceedings, to the party or parties who filed it. (Emphasis added).

The new statutory language makes the intent clear, we think, that county clerks who microfilm records no longer need reproduce (or keep) a set of paper records from the microfilm in order to test the accuracy and clarity of the filmed image. The legislative history of Senate Bill No. 316, which effected the changes, confirms that conclusion. See Acts 1979, 66th Leg., ch. 254, at 538; Bill Analysis to S.B. No. 316, prepared for the Senate Committee on Intergovernmental Relations, filed in Bill File to S.B. No. 316, Legislative Reference Library.

The sentence retained in subsection (a) that makes reproduction of a record unnecessary if it is transferred to the custody of the state librarian does not compel a different view. In its present context, we believe it is intended as a guide to those county clerks who choose to reproduce microfilmed images onto paper records; it does not mean that microfilmed records must be reproduced on paper if they are not transferred to the state archives. The intention of the legislature is the dominant consideration in construing a statute. Calvert v. British-American Oil Producing Company, 397 S.W.2d 839 (Tex. 1965). In our opinion, the legislature clearly intended in subsections (a) and (b) to make optional with each county clerk the

reproduction of records onto paper from microfilm for purposes of testing the microfilm image.

Subsection (c) of section 6 deals with records relating to court matters and proceedings. It reads:

> (c) Original instruments of writing, original legal documents, original papers and original records, which have been filed relating to court matters and proceedings and which have been recorded on microfilm records, shall be retained in the files of the docket to which they relate until a written order of the court closes such docket, after which all of the records in such docket shall be microfilmed in time sequence to provide all of such records of a docket in an unbroken continuous sequence on one roll of microfilm, or in an unbroken continuous sequence of discrete images in a group of discrete images.

This subsection contemplates that original documents relating to court matters and proceedings will be retained by the clerk until the court closes the docket to which they relate, even though they have been microfilmed. After the docket is closed, it requires that they be microfilmed (again) in a manner to provide -- on microfilm -- a continuous sequence of the records pertaining to the closed docket. It does not require the clerk to employ the microfilm-to-paper testing procedure mandated by the statute previous to its amendment.

You also ask whether any paper records that _are_ reproduced by clerks from microfilm can be destroyed before the expiration of five years.

There is no requirement in the present statute that clerks retain paper records that they may have reproduced from microfilm for purposes of inspection and checking the microfilmed image. Subsection (d) of section 6 does specify that the commissioners court of a county may order the disposal of the _original_ paper records from which the microfilm records were made only after "microfilm film prints" from an "original negative microfilm" meeting certain standards are certified as having been satisfactorily used by the public for five years or more. But, in our opinion, the term "microfilm film prints" includes copies of microfilm produced on film as well as on paper. _See_ National Center for State Courts, Microfilm and the Courts: Guide for Court Managers 13, 14, 52 (1976). Moreover, the requirement does not mean that the clerk must have reproduced paper records from the microfilm and retained them for public use. It means only that prints of the records, when requested by the public, must have been satisfactorily reproduced from the original microfilm negative.

Inasmuch as subsection (b) of section 6 plainly contemplates the return of original documents (except those involved in or relating to court matters and proceedings) to the person who filed them as soon as the inspection and checking required by subsection (a) have been satisfactorily completed, the only "filed" records to which subsection (d) can have application are instruments of writing, legal documents, papers or records relating to court matters or proceedings [i.e., those addressed by subsection (c)]. One of your questions has to do with when a county clerk may dispose of such original court records. We answer that the clerk may dispose of them only after the commissioners court has entered an order directing their disposition, such order being conditioned, among other things, upon certification by the clerk that microfilm film prints of the original records have been satisfactorily used by the public for at least five years.

Your remaining question concerns the meaning of the term "microfilm film prints," a matter we have already discussed. See generally H.G. Jones, Local Government Records 64 et seq. (1980).

### S U M M A R Y

County clerks are not required to reproduce a set of paper records from microfilms of original records in order to inspect and check the accuracy and clarity of the microfilm image, but may do so. If such paper prints are made, there is no requirement that they be kept. Original court records filed with the clerk cannot be disposed of except on certification, inter alia, that microfilm prints of the original records have been satisfactorily used by the public for at least five years.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Kate Conroy
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood